UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN ALDRIDGE,

    Plaintiff,                                            Hon. Jane M. Beckering

v.                                                         Case No. 1:21-cv-113

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

### STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that

decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 43 years of age on her alleged disability onset date. (ECF No. 11-5, PageID.181). She completed high school and worked previously as an accounting clerk. (ECF No. 11-2, PageID.53-54). Plaintiff applied for benefits on July 30, 2018, alleging that she had been disabled since April 14, 2017, due to spinal fusion, bilateral knee replacements, lower leg/ankle injury, right eye injury fracturing the orbital bone, adrenal shutdown with pituitary gland injury, type II diabetes, and severe neuropathy. (ECF No. 11-5, 11-6, PageID.181-82, 205).

Plaintiff's application was denied, after which she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Marc Jones, in an opinion dated April 2, 2020, determined that Plaintiff did not qualify for disability benefits. (ECF No. 11-2, PageID.45-92). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step

four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: bilateral knee replacements, degenerative disc disease, diabetes, hypertension, neuropathy, orbital bone fracture, and obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 11-2, PageID.47-49).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she can occasionally balance, stoop, kneel, crouch, but can never crawl; (2) she can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (3) she can never work at unprotected heights or around dangerous machinery with moving mechanical parts; (4) she must work in a setting with full ambient lighting; (5) every 60 minutes she must be allowed to shift positions or alternate between sitting and standing for one to two minutes at a time while remaining on task; and (6) she must use a medically necessary cane at all times while walking. (ECF No. 11-2, PageID.49).

Based on the testimony of a vocational expert, the ALJ determined that Plaintiff retained the ability to perform her past relevant work as an accounting clerk. (ECF No. 11-2, PageID.80-83). In the alternative, the ALJ also found, based on the testimony of a vocational expert, that there existed 41,655 jobs in the national economy which an individual with Plaintiff's RFC could perform. (*Id.*, PageID.80-84). *See O'Neal*, 799 Fed. Appx. at 316 (in satisfying his burden at Step 5 of the sequential process, the ALJ may rely on the testimony of a vocational expert). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.   Medical Source Opinion

On February 13, 2020, Dr. Elizabeth Egle and FNP Eric Hayden completed forms regarding Plaintiff's ability to perform physical work-related activities. (ECF No. 11-19, PageID.1397-1404). These care providers reported the following. During an 8-hour workday, Plaintiff can sit, stand, and walk for only one hour each and must be able to alternate between sitting and standing every five minutes. (*Id.*, PageID.1397, 1401). Plaintiff can only occasionally lift ten pounds or carry five pounds and can never stoop, crouch, or kneel. (*Id.*, PageID.1397-98, 1401-02). Plaintiff can only occasionally reach above shoulder level or otherwise use her upper extremities. (*Id.*). The ALJ found these opinions "unpersuasive." (ECF No. 11-2,

PageID.53). Plaintiff argues that she is entitled to relief because the ALJ's assessment of her care providers' opinions is not supported by substantial evidence.

Because Plaintiff filed her application after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate his determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain his consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

    (2)    Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

In support of his assessment, the ALJ first noted that neither care provider identified support for their opinions. The forms in question requested, in several locations, that the care provider identify "medical findings" supporting his or her opinions. In response, however, Dr. Egle and FNP Hayden simply stated "worsening symptoms 7/23/2018." As discussed below, this vague statement does not provide support for the opinions in question.

The ALJ also noted that the opinions in question were inconsistent with the medical record. This conclusion is supported by substantial evidence. Physical examinations consistently revealed findings that are consistent with the ALJ's RFC assessment. (ECF No. 11-9, 11-11,11, 11-12, 11-17, 11-18, 11-19, PageID.458, 464, 468, 473, 478, 483, 489, 495, 688, 708, 757, 1135-36, 1218, 1240, 1262, 1288, 1295, 1392). Plaintiff also reported on several occasions that her pain was "well controlled" with her medications and that she was experiencing "improvement in functional capacity as well as with daily activities." (ECF No. 11-9, 11-18, PageID.491, 497-98, 1297, 1320). Likewise, the results of a consultive examination were entirely consistent with the ALJ's RFC assessment. (ECF No. 11-15, PageID.968-71).

Regarding the reference to July 23, 2018, Plaintiff reported to the emergency department that day after experiencing "multiple falls." (ECF No. 11-8, PageID.338). Plaintiff exhibited weakness and difficulty ambulating, but a CT scan revealed no evidence of seizure activity. *(Id.*, PageID.338, 341). Plaintiff was ultimately diagnosed with adrenal insufficiency likely caused by her pain medications. (*Id.*, PageID.353). In response, Plaintiff's medication regimen was modified. (*Id.*, PageID.353). The following month, Plaintiff reported that her "overall function is improved." (ECF No. 11-9, PageID.457). Plaintiff also reported that she was "currently working full-time and works as a Senior financial analyst." (*Id.*, PageID.458). Subsequent examinations do not suggest that Plaintiff's adrenal insufficiency constituted an on-going impairment or resulted in limitations inconsistent with the ALJ's RFC. (ECF No. 11-11, 11-12, 11-17, 11-18, 11-19, PageID.688, 708, 757, 1127, 1135-36, 1218, 1240, 1262, 1288, 1295, 1392).

Plaintiff also cites to the fact that in October 2018, she again reported to the emergency department after falling. (ECF No. 11-10, PageID.539). Examination revealed that Plaintiff was experiencing a pulmonary embolism caused by contraceptive medication she recently began taking. (ECF No. 11-10, 11-11, PageID.551, 650). Plaintiff underwent a procedure to resolve the embolism after which she reported that her condition was "improved." (ECF No. 11-11, PageID.650). Again, subsequent examinations do not suggest that this circumstance constituted an on-going impairment or resulted in limitations

inconsistent with the ALJ's RFC. (ECF No. 11-11, 11-12, 11-17, 11-18, 11-19, PageID.688, 708, 757, 1127, 1135-36, 1218, 1240, 1262, 1288, 1295, 1392).

In sum, the ALJ's rationale for discounting the opinions expressed by Dr. Egle and FNP Hayden are supported by substantial evidence. Accordingly, this argument is rejected.

## II. Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief because the ALJ's RFC assessment does not include any non-exertional limitations.

Plaintiff began participating in mental health counseling on November 4, 2019. (ECF No. 11-19, PageID.1432-43). Plaintiff was diagnosed with anxiety and depression for which she was prescribed medication. Plaintiff participated in nine counseling sessions between November 4, 2019, and February 12, 2020. (*Id.*, PageID.1407-52). The ALJ acknowledged this treatment, but concluded that Plaintiff's anxiety and depression imposed no more than "mild" limitations on her ability to function. (ECF No. 11-2, PageID.47-48). Plaintiff's therapy treatment notes contain neither findings nor opinions that are inconsistent with this

conclusion. Moreover, contemporaneous treatment notes from Plaintiff's other care providers, including notes from the same time period, consistently reported that Plaintiff exhibited "normal" or "appropriate" mood and affect and, moreover, that her behavior, judgment, and thought content were "normal." (PageID.458, 464, 468, 473, 478, 483, 489, 495, 708, 1131, 1218, 1240, 1262, 1288, 1295, 1392).

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. While the Court does not take lightly the anxiety and depression Plaintiff experiences, the ALJ's conclusion that they do not impose work-related limitations is supported by the substantial evidence. Plaintiff's argument for relief is simply that the ALJ should have weighed and evaluated the evidence differently. This is not grounds for relief, however. Accordingly, this argument is rejected.

### III. The ALJ Properly Assessed Plaintiff's Subjective Allegations

At the administrative hearing, Plaintiff testified that she left her previous employment with Whirlpool because they were downsizing and offered her a severance package. (ECF No. 11-2, PageID.75-76). Plaintiff reported that she experiences "constant pain," which makes it difficult for her to walk or stand/sit for long periods. (*Id.*, PageID.77). Plaintiff reported that she was unable to walk more than 10-20 feet. (*Id.*, PageID.78). Plaintiff reported that she had been using a wheelchair for the past 15 years. (*Id.*, PageID.78-79). Plaintiff acknowledged, however, that she did not use her wheelchair when working at Whirlpool. (*Id.*, PageID.79). Plaintiff also reported that she is unable to perform activities such as shopping or housework and that her parents perform these tasks for her. (*Id.*, PageID.78). The ALJ, however, discounted Plaintiff's subjective allegations on the ground that such were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*, PageID.50). Plaintiff argues that she is entitled to relief because the ALJ improperly discounted her subjective allegations.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

-11-

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[1]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this

---

[1] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

As discussed above, the medical record is inconsistent with Plaintiff's hearing testimony. Plaintiff's primary argument is that the Court should re-weigh the evidence and reach a different conclusion. As already noted, this the Court cannot do. The ALJ articulated a clear rationale for his conclusions regarding Plaintiff's subjective allegations and the ALJ's conclusions are supported by substantial evidence. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

Date: July 13, 2022                          /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge