UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN R. ALDRIDGE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:21-cv-113

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 22). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presented three issues on appeal. First, Plaintiff argued that the Administrative Law Judge (ALJ)'s findings regarding the medical source statements are not supported by substantial evidence (Initial Brief, ECF No. 15 at PageID.1460). The Magistrate Judge rejected

Plaintiff's argument (R&R, ECF No. 21 at PageID.1514), and Plaintiff does not challenge the Magistrate Judge's conclusion in her objections to the Report and Recommendation.[1]

In her second issue presented, Plaintiff argued that the ALJ's Residual Functional Capacity (RFC) finding did not include limitations from "all Plaintiff's well documented impairments" (Initial Brief, ECF No. 15 at PageID.1460). The Magistrate Judge also rejected this argument. The Magistrate Judge indicated that while he did "not take lightly the anxiety and depression Plaintiff experiences, the ALJ's conclusion that they do not impose work-related limitations is supported by the substantial evidence" (R&R, ECF No. 21 at PageID.1515). In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff merely reiterates her argument that "the ALJ's analysis did not consider Ms. Aldridge's depression, anxiety, pain, or other non-exertional limitations" (Pl. Objs., ECF No. 22 at PageID.1521–1522). While Plaintiff may disagree with the result, her objection reveals no factual or legal error by the Magistrate Judge. As the Magistrate Judge pointed out, Plaintiff's argument simply amounts to a request that the Court reweigh the evidence and reach a different conclusion (R&R, ECF No. 21 at PageID.1515), which is not a proper basis for reversal. *See Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 398 (6th Cir. 2016); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("If it is supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently.").

---

[1] To the extent Plaintiff attempts to present additional issues for the Court's review by "incorporat[ing] by reference the arguments made in her Initial Brief and Reply Brief" (ECF No. 22 at PageID.1520, 1522 & 1525), these "objections" are denied. Merely incorporating prior arguments, without directing the Court's attention to specific issues decided by the Magistrate Judge, does not constitute a valid objection to the Magistrate Judge's Report and Recommendation. *See* W.D. Mich. LCivR 72.3(b); *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997); *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994). Rather, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Third, Plaintiff argued that the ALJ failed to properly assess her subjective symptoms (Initial Brief, ECF No. 15 at PageID.1460). The Magistrate Judge rejected Plaintiff's argument, concluding that the ALJ articulated "a clear rationale for his conclusions regarding Plaintiff's subjective allegations, and the ALJ's conclusions are supported by substantial evidence" (R&R, ECF No. 21 at PageID.1518). In her objections, Plaintiff argues that the Magistrate Judge's analysis was flawed and should be rejected where the ALJ "cherry-picked select portions of the medical record to discredit Plaintiff's pain and subjective symptoms" (Pl. Objs., ECF No. 22 at PageID.1523–1522). Plaintiff's objection lacks merit. The Magistrate Judge thoroughly reviewed the medical record and concluded that it was "inconsistent with Plaintiff's hearing testimony" (R&R, ECF No. 21 at PageID.1518). As the Magistrate Judge pointed out, "where the objective medical evidence fails to confirm the severity of a claimants subjective allegations, the ALJ 'has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record'" (*id.* at PageID.1517 (citation omitted)). *See also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285 (6th Cir. 2009) (observing that the cherry-picking argument can "cut[] both ways").

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 22) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 21) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated:  August 17, 2022                                          /s/ Jane M. Beckering  
                                                                         JANE M. BECKERING  
                                                                         United States District Judge